Attorney General of the United States at all, Ms. Heller for the abalance, Mr. Ruben for the appellate. Good morning, may it please the court judicial review of executive action will not be cut off unless there is persuasive reason to believe that such is the purpose of Congress. And that comes from justice. Clarence promises the sentence to label the Illinois Council on long term care, which was quoted in this court's recent decision and make the road New York person. And it's a sensible that's been reiterated by the Supreme Court on numerous occasions. Here, the district court aired and holding the eight U. S. B, section one, two, five, two, eight, two, eight, four, cut off the court's jurisdiction to review unwritten and undisclosed policies and procedures. Because there was no clear and convincing evidence that this was Congress. In fact, the provision cited by the district court in support of its conclusion proves the opposite. In the decision, the district court refers to section one, five, one, two, five, three. And this provision provides parameters by which the court may review written policies and procedures. It's not logical that Congress would provide judicial review of only written policies and procedures. But not of policies and procedures, because if that were the case, it would make. Three, a two, two. Why would the executive branch ever write it down and formally adopt the policy and procedure? If it knew that it could evade judicial review. If it doesn't write it down, it wouldn't. And any administration could decide that it disagreed with something in the immigration and nationality act. And know that it could avoid the judicial review and undercut the act by simply not writing it down. Can I ask you a question about this piece of your argument? So, I understand the logic of your submission about written versus unwritten. But if we buy your argument, as I understand the way it's framed, it would mean that unwritten, what you're calling an unwritten policy, just doesn't come in, come within the fold of this provision at all. And so, the consequence of that would mean, I think, that, for example, under E3, there's limitations on relief. So, the court can't impose declaratory or injunctive relief, things of that nature. But then if it were unwritten, those limitations wouldn't even apply. And that seems kind of odd, too, that those limitations wouldn't kick in, even though Congress specifically said they would kick in as to written policy. Well, understood, but it seems that it could be that Congress didn't imagine the executive branch would start trying to undercut the immigration and nationality act by making unwritten policies and procedures. But certainly E3A2 talks about guidelines, talks about parameters by which for the written decisions that one could only determine from a written decision, such as 60 days after implementation. So, while I take your point, Your Honor, to Judge's point that it seems a little odd, we have to look at the clear and convincing evidence of what Congress intended. And if you look at the statute as a whole, as well as 1225 and what 1225 is intended to provide, it just doesn't make any sense that Congress would say, okay, we're going to review what's written down, but not what's unwritten. I mean, in fact, unwritten policies and procedures are ripe with opportunity for abuse and undercutting the law. So, it would seem that based upon logic and just the fact that the statute isn't clear, 1252A2A4 couldn't mean to talk about written policies and procedures. It couldn't undercut judicial review of them. For example, if we look at 1225, which is the expedited removal procedure, that provides channeling of certain claims by noncitizens. Then 1252, or I'm sorry, 1252 tries to work with the expedited removal procedure to channel the claims of noncitizens. There's no provision in 1252 for the review of unwritten policies and procedures. And there is state law on this that talks about how if it's not in the channeling provision, there can't be evidence that Congress intended not to have judicial review of an administrative action. I think we can also look at the plain language of 1252A2A4. The word adopt. Now, the word adopt can have different meanings. I think it's fair to say that the dictionary has definitions of the word adopt. However, in this context where we look at it and we look at the statute as a whole, it would seem to be that Congress could not have meant adopt to include unwritten policies and procedures. And they're supporting that in the case law. In fact, I think probably the only case that's ever addressed this specific provision with respect to unwritten policies and procedures is to B2B Ice from the Western District of Washington, which we cite in our case. And in that case, the court squarely addresses and rejects the government's argument that that section barred judicial review because in that case, it said, look, the government hasn't adopted a formal policy and procedure of prolonged detention. Therefore, it can't fall under the judicial stripping provisions of this section. I just want to make sure I'm following your argument. So if it's A2A4, if adopted, can't by definition encompass unwritten policies. And what you're saying is there's uninhibited judicial review of unwritten policies, but there's cabin judicial review of written policies. I think that would be the fair conclusion. That just seems, it seems hard to imagine that's what Congress intended, that they wanted to make sure that written policies were only reviewed through a carefully calibrated cabin regime. But to the extent there's an unwritten policy, the careful cabining that Congress implemented with written policies just doesn't apply and it's open season. Well, I think it would be, it would be further concerning that the Congress had intended to, or a ferry that Congress would have, it doesn't make sense that Congress would have intended for review of something that's written down. But then allowed the executive branch to undercut any active, well, not in this case, it's the Immigration and Nationality Act. It doesn't make sense that it would allow the executive branch unfettered decision to undercut Congress's intent of the INA and administration could come in and say, you know what, we want, we don't want credible fear interviews. Let's just rubber stamp every non-citizen who comes in and say they have credible fear. They don't write it down, it's not subject to judicial review, but I think we'd all agree that that is antithetical to direct violations in the Immigration and Nationality Act. So, I understand to judge your concern, but I think it's even more concerning to read that there is, I think that there's better, it's a better analysis that there is no clear and convincing evidence that Congress intended to cut off review of unwritten policies and procedures. So, I just want to go back to one thing I said when I was talking about reading section one, two, two, five with one, two, five, two, one, two, five, one, two, five, two. And that is that I'd also like to just refer the court to differ Zeta v. Duke, which we cited in our brief. And in that case, the court cites D.C. Circuit Court cases, talking about how if there is no other avenue for review in the administrative process, then the court has to conclude that it wasn't, that Congress didn't need to cut off judicial review. And in that case, the court rejected an argument that section one, two, five, two barred review of plaintiff's constitutional and statutory claims challenging the lawfulness of a secret program that was actually written down, but it was a secret program. But I'd like to go on to the secondary argument. If the court disagrees with this one, the court can also conclude that both the unwritten and the written actions weren't adopted. And that's because it couldn't have been adopted because the director, acting director of USCIS at the time, defendant Kenneth Puccinelli, has been found that he is not a lawfully appointed USCIS director. And that's in LMM v. Puccinelli, which we cite in our brief. And in that case, the district court concluded that he had not been lawfully appointed. And that case was appealed by the defendant, but the appeal was withdrawn. I believe it was a few weeks ago. We submitted a 28-J letter on August 18th of this year. So that is now the law. Now, in LMM, the court refers to this court's decision in SW General Inc. v. NLRB. And Chief Judge Srinivasan, you were on that decision. And in that case, the court recognized that the FDRA renders any actions taken in violation of the statute void ab initio. And actually cited that provision of the FDNRA, which says that if a person who has not been lawfully appointed takes an action, that action has no force and effect and cannot be ratified. Thus, if defendant Puccinelli didn't have the authority to implement either the written or unwritten challenge action, then they couldn't have been adopted under the statute. And here's where the district court erred. The district court erred because it concluded that it couldn't even address whether or not the unwritten or written policies and procedures had been adopted because it didn't have jurisdiction. But that's putting the cart before the horse. Our claim is that, well, no, you have jurisdiction because they have not been adopted. Thus, this court is in strict of jurisdiction under 1252A2A4. And this court could say, you know what, we're not going to render a decision on whether or not these actions were lawfully adopted, but remand it back to the district court to actually address in the first instance whether or not the challenged actions, both written and unwritten, were lawfully adopted. And if they weren't, the court has jurisdiction. And then if the district court decides that they were, we may be back here again. Or we may be back here even if she decides in favor of the plaintiff. But that's another basis upon which this court can reverse the district court's decision. And if the court reverses the district court's decision on either one of these, either that you can't adopt unwritten policies and procedures, or that because they were promulgated under Penitentiary, they could not have been adopted and therefore subject to judicial review, then all of the plaintiffs in the second amended complaint get added back. And this court should also deny the branch of the district court's decision that denies the motions for joinder. Because then everybody just gets folded back in, and that's a very important point to make here for our clients. I'd like to go on, I guess, in the little bit of time I have left, unless somebody has questions before my... Yes, Judge Ginsburg. On your point about the Cuccinelli decision, doesn't that point depend, in turn, on your first point? If you take it as an alternative. I'm wondering whether it doesn't actually depend upon, except in the first point, about what it means to be adopted. Well, yes. If this court determines that an unwritten policy or procedure cannot be adopted, then it would not reach that point with respect to whether defendant Cuccinelli could have adopted the unwritten policy. That's right. So if you don't win on the first point, the second really is unavailable, and if you do win on the first point, the second is unnecessary. If we win on the first point, the second is unnecessary with respect to the unwritten policies and procedures. Right. Yes. If we win on the second point, if the court finds that policies and procedures can be adopted, or unwritten policies and procedures can be adopted, we win on the second point because Mr. Cuccinelli couldn't have adopted them because he wasn't lawfully appointed. But that also, on the Kenneth Cuccinelli point, it holds in written the three policies and procedures that were found to be written. So either way, some of those claims go back to the district court, and all of the plaintiffs should go back to the district court. Well, if that's all there were, too. There's more. But wait, there's more. Okay. Do you have another question? We'll get to them. Okay. I see that I'm running into my rebuttal time. I'm happy to keep speaking, but if the court has any other questions, if not... All right. You said there were three written policies? Yes. All right. I'm seeing two. Let's see what I'm missing. I've got the proceeding without required staffing training guidelines. Correct. That's your characterization. And instituting mandatory concurrence review by the fraud detection center. That's still in the district court, right? Yes, that is. The third one was you're saying there are three in this court. The other one is number six, that interrogation proceeded without... It's number one, Your Honor. I apologize. And number one is that officials at the border failed to orient non-citizens as required to their legal rights. And that was based upon an M-444 form that became unlawful and incorrect after the transit ban was implemented because that form didn't provide an updated guidance on what standard immigrants had to meet in order to have a positive credible peer finding. But to the point here, you're saying that was a written policy? Yes, because it was in a form that was correct until the transit ban was implemented. And then when the transit ban was implemented, the form became unlawful because it was incorrect and the government didn't update it and continued to use it. Wait a minute. So they didn't update it. So they didn't do anything in writing. They just left, according to your account, they just left a writing in place after it had become overtaken by events and therefore misleading. Yes. And you're calling that a written policy? Yes. It was a written policy that was lawful until the time that it was not, which was after the transit ban was implemented. Is there some written policy that says continue using this outdated form? We don't know because there was very limited discovery produced. But to our knowledge, we don't have knowledge one way or the other. But it was continued to be used. We do know that. You're not alleging there was a written directive to keep using the outdated form? You haven't alleged that? No, I don't think so. I can go back and look at the complaint. But based upon my recollection, you did not allege there was a written form. I think that seems to be like an unwritten situation that you described. But okay. I've got your understanding. Okay. Thank you, Ms. Heller. Unless my colleagues have further questions, we'll hear from the government and we'll give you some rebuttal time. Mr. Rivetti. Thank you. Good morning, your honors. Aaron Rivetti for the defendant. Your honors, although there's a lot of paper and a lot of procedural history in this case, this really boils down to two basic premises, both found by the district court and both that should be affirmed on appeal, one legal and one factual. And the first, which you've been discussing with Ms. Heller, is does this statute, which severely circumscribes, for lack of a better word, judicial review of anything having anything to do with the expedited removal statute, does it require a written policy guideline, et cetera, under 1252E3? I mean, the answer, not just at the district court found, but as this court found in American Immigration Lawyers' Affairs, and as every district court to address a similar issue since relying on AILA has found, that's the answer. The answer is yes. It must be reduced to writing. It's not a formal document. It's something different. It's an as-applied challenge. It can be raised in a very, very limited review provision, 1252E2. It doesn't really allow for these sorts of claims or it's a failure to follow. What do you do with this issue? What do you do with the situation that Ms. Heller was alluding to in her argument? So suppose you have, I'm not saying that this would actually happen. I'm not saying that this has happened. I'm just giving you a hypothetical, but suppose you have a situation in which agency officials say, I want to make sure that everybody, all officers in the field undertake review in the following circumscribed way. But if I put it in writing, it's going to be subject to judicial review. So this is just an edict that I would like, and you do it by video conference. You just disseminate it and you say, I would like to make sure that everybody operates in the following way. Everybody, this is a generally applicable policy. But I'm not going to reduce it to writing. And if you don't operate in this way, then you're going to be in trouble with me. I'm sorry. So I guess I'll try to your position is that's not subject to judicial review, even though it is a policy. There is such a thing as an unwritten policy. I think you would admit. And so if it's an unwritten policy of that variety, it's just not subject to judicial review. Well, I think I have a couple of responses to that. Your honor. I would first resist the premise a little bit. I take the point of the hypothetical and I want to engage with the hypothetical, but that's definitely not what is presented in this case. We have. I baked that in. So I know that it's not, I know that your position is it's not what's presented in this case. I get that. I'm just understanding, trying to understand the implications of your argument and let's assume a hypothetical that I know you would never assume. And I totally understand that I've worked in the government. I understand what you're saying, but let's just. For purposes of understanding the parameters of the government's submission about the scope of judicial review. I just want to make sure that I'm properly understanding it, that in that hypothetical. Where somebody says purely for the purposes of avoiding judicial review. I want to disseminate this policy orally. That's. Taking your hypothetical on its face with the caveat. That may be a closer question in certain circumstances. If there's evidence. Let's say someone is an extreme example. Someone says at the credible fair interview to an individual. You know what? I've been told we have a policy. That we don't accept anyone from Asia anymore. So denied. That that would be strong circumstantial evidence that maybe there is something going on there that could be further looked into. And then maybe, maybe there's some in this new case, there's somewhere to look at the word written and say, well, written doesn't just mean written in this limited extreme. Circumstance. Can I just stop you right there? Why? If we're assuming that it's unwritten. And you're under totally understandably relying on the word written. And is the idea is the way you read the statute, that it's limited to written policies, unless it's a, an unwritten policy. It's in fact a policy. No, no, no. I think you'd have a sort of different, you have a different claim that you, you, this is sort of like, I refer to the court of third decision, for example, where it had a footnote where it said, look, there's no review of anything raised in this. And this is the recent Supreme court case on. Right. To the sister provision. There's no disreview of anything, no constitutional claims, no legal claims, nothing. And the allegation in that case was, well, you didn't follow this policy or you misapplied the standard. Like a lot of similar claims actually that we're seeing in this case, the court said, sorry, it's barred period, written or unwritten. It doesn't matter. Different provision, of course, doesn't use the word written, but it has a footnote that says, look, if we have an extreme example, this is where justice. A leader was responding to justice, Brian currents and the concerns, the parade of horribles footnote. I'll call it. I'm going to discriminate against someone on the basis of religion. The example there with Judaism. Well, that might be an example of, you have a claim, not that. Not that there's jurisdiction to review under the statute is written, but that the statute is written. On its face. Violate that constitutional provision in that circumstance. And of course there would be other issues. It'd be the 60 day time bar. It was respect to that sort of claim, but that would be the way that there's potentially an avenue to challenge that. And so, you know, I'm not going to go into the details of that extreme policy. You've identified in your hypothetical. Well, I've identified and respond to your hypothetical. But here. And again, also in ALA. In district court decisions, like LMN. The gender. Which we sat in our briefs. We had all these same claims. Officers are. Going off office. Off the permitted scope of their discretion. They're applying things. And.   There's a lot of. At Hawks. There there's. Therefore there must be a secret policy or therefore there must be a failure to act. Consistent with written policy. And this court. I just. So just to understand then. If we put aside the constitutional claim. That's equal. Let's say it's equal protection based, based on the policy itself. In your view. And I totally understand this as you're reading it, a statute. I just want to make sure that it is. If we put that one side and equal protection claim based on the parameters of the particular policy and issue. If the government decides to adopt the policy. But not reduce it to writing precisely to avoid judicial review. That works. That's actually a way to avoid judicial review is to make sure the policy isn't written down. I think the clear text will answer. And the answer that I need to say in defending the statute is yes. Correct. I think that's a way to avoid judicial review. If that were in fact with the government we're doing, and there was sufficient evidence to show that the government we're doing that. Actually does written with bar review. But again. I know it's based on the hypothetical. Not the case here at all. The plaintiffs had ample opportunity through anecdotal evidence to have declarations from numerous attorneys on the ground who are very well-versed in how these credible. I think the court rightly found looking at each and every one of the policies. At least that she's. We're not ready. Numbers three, four, five, seven, eight, 10 and 11. At best. All I see here. And the plaintiff had an opportunity to show me otherwise are. I think that's a way to avoid judicial review. I think that's a way to avoid judicial review. As applied ad hoc instances that are not subject to judicial review. And if they wanted to bring a sort of as applied challenge, the way they would do that. It's simply that they would use the vehicle that was rejected. Other than that footnote. I just mentioned as the extreme sort of constitutional. Reservation clause, but here. I didn't, I didn't hear. Discuss this, but. Even if she's. Putting aside the legal questions. And the legal questions. Under this course. We're pressed today. There's gotta be clear air. You've got to be something more than well, there's some people could just agree. Maybe if I looked at this evidence, I would have found something. Different. Below 44. It's. Expensive. It looks through all these relevant evidence. And I, I see no basis in the record. I don't see any basis in. Plaintiff's papers. To find clear air. But anyway, to the point I'm I'm written. And as a result of five. Ayla says that. I know the seventh circuit has echoed Ayla on that. Okay. I'm trying to Americanization. Lawyers affairs here. Unwritten or as applied. Of course, they've identified the concern that you raised. You judge. And. This is just not that case. I don't. We haven't seen that case yet. Every court below. They've all found. We need a writing. And that was alleged here. Turning for a minute to the. The time bar issue. There are. Potentially it's not clear. The government submitted below. Policies. Framed by plaintiff's. Are not. Actually policies exist, but we identified our declare and identified. Three potential policies. Which the district court referred to as challenge actions. One. Six. And two. I'm going out of order there for a, for a reason. One and six actually were found in LMM. That's not just referred to. I asked to count to action. Number one. Judge Moss found it was an unwritten policy. It was the same claim there. They stopped doing in-person orientation and there should have been some updates in light of the transit rule. They're actually separate policies. They're not related to each other. And judge Moss actually found that policy to be unwritten. With all the same concerns and. Arguments that have to wait here on that floor. Contact number six was the memo that was set aside in LMM. That's. Direction that. Consultation time for individuals. Incredible. They're interviewed. Reduce from 48 to 24 hours. That's the one that's set aside. And I believe the district court here. Identify this. I just say that not challenging that. So they sort of weighed that claim anyway. They must be referring to some other consultation policy. We didn't identify one or declare. But in any event. Can I ask you about, about challenge action nine? Because that's the one that everybody agrees. At least that's at some point. Yeah. I guess it's still pending in the district court. And yes. My question is about the. I'm on the period and whether it's jurisdictional because as I understand. The landscape on this issue. If the time limit is non-jurisdictional and there's at least a possibility of equitable tolling. And your submission is that there's no possibility of equitable tolling because the time limit is jurisdictional. And I just want to ask you about that because. As, as you well know. On the Supreme court's decisions in this area. The. The basic understanding is that time limits are not jurisdictional unless there's a clear statement that indicates that they are jurisdictional. And I'm wondering if we have the requisite. Clear statement here. Even though the time limit at issue is embedded within what's otherwise a jurisdictional. Limiting. That provisions. We still have decisions and the Supreme court does too. That even if you have. Provisions that deal with time limits and provisions to deal with jurisdiction. That are within the same. Instead of provisions or, or even within the same sentence. That's the buyer's decision from our court. That doesn't necessarily mean that the time limit is jurisdictional. It can still be non-jurisdictional. Unless there's a condition. And so I'm wondering whether. This is a case like Meyer and which, even though there's proximity between jurisdiction. And time limit. But the time limit nonetheless is non-jurisdictional. Just a couple of responses first precedent. And then actually first principle is to respond to your question. But this exact claim was raised in. And affirmed and full on that point. I don't think there's any. Argument that. A decision has been so eroded by subsequent precedent from the Supreme court. I certainly didn't see plaintiffs make this argument. And they can just be ignored, particularly by district courts. Right. And I'll just ask you to put it to one side anyway, but just for arguments purposes, but I, I told, I appreciate the point. We have to be obviously cognizant of our precedents. I mean, the. The court did give our court did devote one sentence to these. I mean, the court did give a sentence to this complex of issues and says that it's affirming substantially for the reasons stated by the district court. So there, there could be a question as to whether that's a holding as to every particular. At the district court reached, but in any event, if I could just ask you. Or these purposes, just to put it to one side. Understanding full well, that there's an argument about precedent there. Just on. Absolutely. Yeah. I mean, I, I, I, we, we, we, let's have a brief. A little bit, but having an expanded here. A couple of Supreme court decisions, but I think are relevant in this space. Quite fun. Five, seven, five U S four 12. And our box 2006. It was this issue. And they. To some extent distinguished between, for example, clearly jurisdictional time limitations and then court created. Sort of or claim processing. Limitations. So I think that line of those cases is not relevant here. What's relevant is, is it expressly conditioned? Can we take a look at the statute as written? You find it to be conditioned. I think you absolutely can. You take a look at 12, 52, a two a, which is the more general. There shall be no jurisdiction to review on that XYZ statute. And then it's cross references. And then it goes to 12, 52. E in the relevant subsections of that statute that are issued here. 12, 52, a two, a four. And we think also 12, 52, a two, a one, and then it goes to 12. Three. It says there shall be. First statute that you mentioned earlier. 12. There should be no jurisdiction to issue any sort of relief other than that's permitted in a subsequent position. And I have a second. Your section conditioned. If the conditions that follow are satisfied. And you have, you have. And you have. Then you have. Then you have. Limited judicial review. Of regulations, written policies, et cetera. But only if. They are filed within 60 days in the district court position of Columbia. So we would submit that. That. Returning jurisdiction. It expressly conditioned on it being done within 60 days. And then there's a good reason for why Congress would want to make that a priority.   The, the word if. There's jurisdictional and not allowed for calling the whole purpose. But only if you said, but only if. Is that just your paraphrasing or is that actually. I'm not quoting, but only. I'm saying. Pretty important because. In Myers, for example, that exact word. It was highlighted by our decision. As missing from the statute at issue in Myers. And understanding that if the word F. Was in the statute that would obviously be expressly conditional. And so the question is. I think there's a good thing on the same way. Oh, I'm sorry. There's must be filed within. That's there in 1250 to be must be filed no later than that's not. If and only if, but that must be. But that just must be as mandatory. And the one thing we know from the Supreme court's decisions. And Myers is that nearly because the statute of limitations is mandatory doesn't mean that it's jurisdictional. That's just run of the mill fare for statute of limits. So I. I think where you were going was that they're there one way to show that it's jurisdictional is to show that the statute of limits is conditional. And, and. I'm just wondering if this statute does that. I feel out of my time to answer this question. We believe so. Yes. Because. In addition to what I've just said, again, the threshold. The general opening statute is there is no jurisdiction period. It's a, it's a, it's a limited period that allows you to issue a post office or post office. Right. Unless you satisfy these conditions. So that's jurisdictional. You don't have the first statute in this subsection thing. You can only issue any sort of relief. The following. Conditions are satisfied condition. And he's the word condition. I'll give you. I'd agree with that. It's a very.   It's a very limited period of time. But it's structured. Well, 52 E1 clause, then you have jurisdiction to issue some sort of relief is conditioned on either E2 or E3. Those conditions being met. It's a, one of those conditions for a systemic facial type challenge like that. You bring it within 60 days. And on that point also, I take the point. I know we're, we're putting aside the precedent and the brief treatment of it in ALA, but every district court that has faced this exact argument. Also equitable tolling. The C is shifting on whether jurisdiction can be a loose or a tight word on a Supreme court. The gender LLM. Doug Dale, which we sat in our briefs. All all addresses the gender. I think is the. Most careful and thorough and also most recent decision. It's just from last year. And judge meta that goes through all these points and makes many of the same arguments I'm making here. And so at the end of the day, it is still a jurisdictional provision. We have precedent on that. From this circuit. And that's just how the courts have been applying it. And I don't know that there's enough here to just get it from that. At this point, the plaintiff's at least to say that the district court got this wrong. I'm out of time. If there are other questions. Thank you. Thank you for your submission, Mr. Mr. Well, well, Thank you. Chief judge, I'd like to start on the point that you were raising with Mr. And obviously I would agree that. The this statute doesn't meet the high bar. To be considered a jurisdictional. Jurisdictional deadline. But even if it is. And I think this is a really important point that should not be lost. The district court in a LA held that a statutory guideline, that's jurisdictional. You, you can't apply rule 15. There can be no relation back. I question as to whether or not that's the law. The two cases cited in the district court decision in a law lamb versus United States postal service and resolution trust court versus Olson. Aren't on point. In fact, lamb. The court actually performs an analysis. As to whether rule 15 applied and, and, and. And found that this did apply. And I believe in that case, I ended up not accepting the amendment for other reasons, but at least went through the rule 15 analysis. More importantly, the fifth and seventh circuits have held. That a jurisdictional requirement is satisfied by the timely filing of a suit. And rule 15 can still apply. And that's Wadsworth. The United States postal service. 5, 1, 1 F second. 64 7th circuit, 1975. And Watkins be on. 9, 2, 2 F second, 2, 6, 1. Fifth circuit, 1991. So anyway, you cut it. The district court aired in not conducting the rule 15 analysis. As to whether or not the claims made by the plaintiffs in the second amended complaint related back. And also the same analysis for the. The plaintiffs who attempted to join. The litigation. Okay.  Thank you. There are two other points. I just want to address that. Mr. Redenny address. Mr. Redenny talked about the fact that, you know, this is some, this is a review that. You have to give great deference to the court on when it comes to unwritten policies and procedures. It's not. This is a DeNova review about what the law is. The district court itself conceded and admitted that the facts amassed by the plaintiffs are deeply troubling. The district court. Just that there are unwritten policies and procedures. There wasn't a finding that there weren't. The finding by the district court was that the unwritten policies and procedures cannot be reviewed under the relevant statute. Not that they don't exist. That's something that district court didn't meet. And Mr. Redenny suggestion that our unwritten policies and procedures weren't good enough. And that's a question of fact. The district court has to address them. And it's, and it's required to accept the allegations in the second amended complaint. And there are many about the universal application of unwritten policies and procedures. And lastly, the cases cited by Mr. Redenny. To this court and in the brief. The plaintiff's argument is that 1252. A two, a four from the get-go. Does not strip this court of jurisdiction. To review unwritten policies and procedures. And whether the court accepts that adoption couldn't have meant unwritten or the defendant. Could not have adopted unwritten or written. This has to get remanded back to the district court. And reverse. If there are no more questions. Thank you. Counsel. Thank you to both councils. We appreciate your submissions. The case is submitted. Thank you.
judges: Srinivasan, Katsas, Ginsburg